UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CRISTIAN A.R., et al.,**<br><br>        *Petitioners*,<br><br>        v.<br><br>**THOMAS DECKER, et al.,**<br><br>        *Respondents.* | Civil Action No. 20-3600<br><br>**MEMORANDUM & ORDER** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

On April 12, 2020, after providing Respondents with notice and an opportunity to respond and holding a telephone hearing, this Court issued the Temporary Restraining Order ("TRO") currently in effect in this matter. *See* ECF No. 27. Pending before the Court is Petitioners' Cristian A.R., Fedor B., Santiago C.C., Noe C.M., and Alvaro N.M. (collectively, "Petitioners") notice of Motion to Convert Temporary Restraining Order ("TRO") to a Preliminary Injunction. ECF No. 33. Respondents oppose the motion. ECF No. 35. After the Court issued its Order directing the release of Petitioners in this matter, the Third Circuit issued its opinion in *Hope v. Warden York County Prison*, 956 F.3d 156 (3d Cir. 2020) ("*Hope I*"), and held that two orders directing the release immigration detainees from detention due to the risks presented by the novel coronavirus disease 2019 ("COVID-19") were appealable preliminary injunctions rather than TROs, regardless of the district court's characterization of the orders as TROs.[1] *See id.* at 161-62. In light of the holding in *Hope I*, the Court will also deem the TRO

---

[1] On April 7, 2020, the United States District Court for the Middle District of Pennsylvania ordered the immediate release of twenty-two immigration detainees from the York County Prison (York) and Pike County Correctional Facility (Pike) amidst the COVID-19 pandemic. Unlike the Order issued by this Court, it did so ex parte, by granting Petitioners' motion for a

issued in this case to be a preliminary injunction. The Court will deny the motion to convert the TRO to a preliminary injunction as moot, ECF No. 33, and otherwise continue the terms of the Order currently in effect. *See* ECF No. 27.

The only remaining issue is whether the preliminary injunction should be extended. The parties shall confer and notify the Court within 30 days as to whether they agree to extend the preliminary injunction. To the extent the parties do not agree to extend the preliminary injunction, they should propose a new briefing schedule and be prepared to brief whether *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020) (*Hope II*), alters the Court's analysis in this matter.

**IT IS, THEREFORE**, on this 29th day of December 2020,

**ORDERED** that the Court deems its prior Order, ECF No. 27, to be a Preliminary Injunction in light of the Third Circuit's holding in *Hope I*; and it is further

**ORDERED** that the motion to convert the Temporary Restraining Order to a Preliminary Injunction, ECF No. 33, is denied as **MOOT** in light of the Court's determination; and it is further

**ORDERED** that the Court otherwise continues the terms of the Order currently in effect, ECF No. 27; and it is further

**ORDERED** that the parties shall confer and notify the Court within 30 days as to whether they agree to extend the terms of the Order currently in effect; and it is further

---

TRO without affording the Government an opportunity to be heard. After staying its April 7, 2020 order, the District Court again mandated Petitioners' release on April 10, 2020. The Government appealed both orders.

**ORDERED** that to the extent the parties do not agree to extend the preliminary injunction beyond the 30-day period, they shall so notify the Court within that timeframe and propose a new briefing schedule in accordance with this Order.

s/Madeline Cox Arleo
Hon. Madeline Cox Arleo, District Judge
United States District Court